**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald John BRODMERKLE,**
**Defendant–Appellant.**

**No. 08–30353.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 19, 2009.

Kurt G. Alme, Assistant U.S., United States Attorney's Office, District of Montana, Billings, MT, Michael S. Lahr, Assistant U.S., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

John Rhodes, Esquire, Assistant Federal Public Defender, Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Ronald John Brodmerkle, Noxon, MT, pro se.

---

* The Honorable Lewis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CUDAHY,** Senior Circuit Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Ronald John Brodmerkle ("Brodmerkle") appeals his misdemeanor conviction for willful failure to file a federal income tax return for 2002, in violation of 26 U.S.C. § 7203. We affirm the jury's verdict and Brodmerkle's conviction.[1]

Brodmerkle's arguments that the district court's failed to adequately instruct the jury on the definition of "cost of goods" are not persuasive. Because Brodmerkle did not object to the gross income jury instruction or request an instruction pertaining to the cost of goods sold, we review only for plain error. *United States v. Klinger*, 128 F.3d 705, 710 (1997). Here, the gross income instruction allowed the jury to consider all evidence submitted by the parties in determining Brodmerkle's gross income in 2002. Brodmerkle was able to assert his theory of defense that additional incurred costs, beyond those the government presented, should be included in the cost of goods sold thereby reducing his income. Brodmerkle, however, failed to substantiate many of his claimed costs. There is no indication in the record that the jury failed to consider any of the evidence of Brodmerkle's costs during its deliberations, and the instructions did not preclude the jury's consideration of that evidence. Accordingly, Brodmerkle has failed to show plain error or any reversible error. *See United States v. Rojas*, 554 F.2d 938, 943 (9th Cir.1977) (noting that it is within the province of the trier of fact to "determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts") (internal citation omitted).

Finally, the district court properly denied Brodmerkle's "motion to dismiss" made at the close of evidence because the evidence, when viewed in the light most favorable to the prosecution, was more than sufficient to allow the jury to find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Brodmerkle's conviction is **AFFIRMED.**

---

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

